**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

SYLVESTER O. BARBEE,
ADC #131311                                                                          PLAINTIFF

v.                                          5:18CV00113-KGB-JTK

JASON BOYD, et al.                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Sylvester Barbee is a state inmate incarcerated at the Varner Supermax Unit of the Arkansas Department of Correction (ADC).   He filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his Eighth Amendment rights when he ate salmonella-contaminated food in 2012 which made him ill. (Doc. No. 9)[1]

This matter is before the Court on the Summary Judgment Motion, Brief in Support, and Statement of Facts filed by remaining Defendants Boyd and Smarjesse (Doc. Nos. 81-83).[2] Plaintiff responded by filing a Cross Motion for Summary Judgment and Statement of Disputed Facts (Doc. No. 92), and Defendants responded (Doc. No. 93).

### II.    Facts

In August 2012, Plaintiff fell ill after contracting two salmonella serotypes which were discovered in chicken and eggs he consumed at the Cummins Unit. (Doc. No. 9, p. 4) Defendant Smarjesse failed to adequately sanitize food and cooking tools in the Unit kitchen and Defendant Boyd failed to ensure that eggs from the hen house were thoroughly cleaned before they were

---

[1] The Court issued a partial Report and Recommendation on June 7, 2018 that Defendants Ellis and Weekly be dismissed. (Doc. No. 10). Defendant Moore was dismissed on November 16, 2018 (Doc. No. 32), and no Doe Defendants have been identified and/or served.

[2] The Clerk shall note the correct spelling of Defendant Smarjesse's name on the docket.

consumed, and failed to sufficiently sanitize the hen house.

### III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

#### A.    Exhaustion

Defendant Smarjesse asks the Court to dismiss Plaintiff's allegations against her based on his failure to exhaust his administrative remedies against her prior to filing this lawsuit, as required by the ADC grievance procedures, Administrative Directives (AD) 12-14 and 14-16 (Doc. Nos. 81-3, 81-4), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.[3]   Defendant presents the Declaration of Terri Grigsby, ADC Inmate Grievance Supervisor, who stated that the inmate grievance process consists of an informal resolution, a formal grievance, and a

---

[3] AD 12-14 was in effect until April 10, 2014, and AD 14-16 has been in effect since April 11, 2014. (Doc. No. 81-2, p. 2; Doc. Nos. 81-3, 81-4).

grievance appeal to the Assistant and/or Deputy Director. (Doc. No. 81-2, p. 2)   In addition, the policy requires that inmates "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (Id., p. 3) The grievance form also contains this stated requirement. (Id.) Grigsby reviewed Plaintiff's grievance appeal files and found that Plaintiff did not file and fully exhaust any grievance against Defendant Smarjesse prior to filing this lawsuit. (Id.) In addition, in a prior case, Barbee v. Ellis, No. 5:14CV00265-JLH, the Court found that Plaintiff did not specifically name Smarjesse in three grievances -- CU 12-2823, OR 14-351, and OR 14-368 -- and therefore, dismissed her from the lawsuit. (Id., pp. 1, 4) Since that time, Plaintiff filed EA 15-1329 naming Defendant Smarjesse and her role in the salmonella incident, but the grievance was rejected as a duplicate and as untimely. (Id., pp. 4-5) He also submitted grievance EAM 16-00805 in which he complained about whether his legal mail in the prior case involving Smarjesse was properly forwarded to the Court. (Id., p. 5)   He did not, however, grieve any actions by Smarjesse with respect to the salmonella incident. (Id.) (See also Doc. Nos. 81-5 - 81-9)   Based on this evidence, Defendant Smarjesse asks to be dismissed.

In Response, Plaintiff claims that grievance EA 15-01329 was rejected as a duplicate, but not as untimely, and he also claims that he named Smarjesse in subsequent grievances he filed, such as EAM 16-00805 and OR 14-00351.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the

United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." Porter v. Nussle, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Porter, 548 U.S. at 90-91.   In Burns v. Eaton, the Eighth Circuit Court of Appeals held that an inmate's failure to specifically name a defendant and grieve his conduct in a grievance he filed about the incident at issue, mandated that defendant's dismissal for failure to exhaust. 752 F.3d 1136, 1141 (8th Cir. 2014).   In addition, in Champion v. Akins, the Court held that even if a defendant is named or identified in a grievance, an inmate's failure to explain the substance of the

defendant's involvement in the incident, as set forth in the ADC grievance procedure, mandated dismissal of that defendant for failure to exhaust. 498 Fed. Appx. 670 (8th Cir. 2013 (per curiam) (unpublished opinion).

Finally, the United States Supreme Court held in <u>Ross v. Blake</u> that three types of incidents could render an administrative remedy unavailable to an inmate. 136 S.Ct. 1850, 1859 (2016). Those situations include: where the procedure operates as a dead end, with officers unable or unwilling to provide any relief; where the administrative scheme is so opaque that no ordinary prisoner can discern or navigate it; or when prison administrators thwart inmates from taking advantage of a grievance procedure. <u>Id</u>. at 1859-1860.

In this case, the ADC grievance policies in effect since 2012 clearly instructed inmates to "specifically name each individual involved for a proper investigation and response," and to include on the grievance form "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses,..." (Doc. Nos. 81-3, pp. 4-5; 81-4, pp. 4-6) In addition, the policies state that inmates "must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is not done, their lawsuits or claims may be dismissed immediately." (<u>Id</u>., pp. 17) The grievance form also contains the following direction: "**<u>BRIEFLY</u>** state your one complaint/concern and be specific as to the complaint, **<u>date</u>**, and place, name of personnel involved and how **<u>you</u>** were affected." (<u>Id</u>., pp. 19)

As held in <u>Barbee v. Ellis</u>, 5:14cv00285, Plaintiff did not exhaust his administrative remedies with respect to his allegations against Defendant Smarjesse in grievances CU 12-2823, OR 14-00351, and OR 14-00368.  In addition, this Court finds that he did not exhaust his remedies in the latter grievances he filed, EA 15-01329 and EAM 16-00805.  Grievance EA 15-01329 was rejected as a duplicate and as untimely, and EAM 16-00805 did not concern his current

allegations against Smarjesse.   Plaintiff also provided no proof that the grievance procedure was

not available to him or that he was thwarted from utilizing the grievance procedure, as set forth in

Ross v. Blake.   Therefore, because he did not exhaust a grievance concerning his claims against

Defendant Smarjesse, the Court finds she should be dismissed for failure to exhaust.

### B.    Qualified Immunity

Defendant Boyd asks the Court to dismiss Plaintiff's claims against him in his individual

capacity based on qualified immunity, which protects officials who act in an objectively reasonable

manner.   It may shield a government official from liability when his or her conduct does not

violate "clearly established statutory or constitutional rights of which a reasonable person would

have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).   Qualified immunity is a question

of law, not a question of fact.   McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515

(8th Cir. 2005).   Thus, issues concerning qualified immunity are appropriately resolved on

summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an

*immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is

effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally

consider two questions: (1) whether the facts alleged or shown, construed in the light most

favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether

that right was so clearly established that a reasonable official would have known that his or her

actions were unlawful.   Pearson v. Callahan, 555 U.S. 223, 232 (2009).[4]   Defendants are entitled

to qualified immunity only if no reasonable fact finder could answer both questions in the

---

[4]Courts are "permitted to exercise their sound discretion in deciding which of the two
prongs of the qualified immunity analysis should be addressed first in light of the circumstances
in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at
236).

affirmative. <u>Nelson v. Correctional Medical Services</u>, 583 F.3d 522, 528 (8th Cir. 2009).

In August 2012, Defendant Boyd held the position of Farm Supervisor at the Cummins Unit. (Doc. No. 81-12, p. 1) His job responsibilities included supervising six to fifteen inmate workers, ensuring that poultry and hogs were fed, gathering eggs, and caring for the general overall health of the animals. (<u>Id</u>.) Specifically with respect to the eggs, broken or damaged eggs were discarded, but since salmonella is not detectable with the human eye, it was impossible for anyone gathering eggs to know if an egg contained salmonella. (<u>Id</u>.) Boyd was not involved in the food preparation or cooking of food and did not supervise inmates who worked in food service. (<u>Id</u>.) Boyd stated he never had reason to believe that any of the eggs, poultry or other food items on the Cummins farm contained salmonella, and that the 2012 incident was isolated and did not pertain to anything stemming from the supervision of the farm. (<u>Id</u>., p. 2)

Dr. Dirk Haselow, State Epidemiologist and Medical Director for Communicable Disease for the Arkansas Department of Health (ADH), stated that the ADH investigated an outbreak of salmonella at the Cummins Unit in August 2012. (Doc. No. 81-10)   As part of the investigation, stool and food samples were collected for testing and laboratory results confirmed the presence of at least five serotypes of salmonella in inmate stools. (<u>Id</u>., p. 2)   The testing identified that eggs from the hen house were contaminated with two rare salmonella strains matching those found in ill inmates at the Cummins Unit, and the results indicated that locally grown eggs were at least in part a cause of the outbreak. (<u>Id</u>.) ADH recommended several measures to limit further salmonella transmission. (<u>Id</u>.)

In Plaintiff's deposition, he stated he contracted salmonella in August 2012, but did not seek medical treatment or file a sick call request. (Doc. No. 81-1, pp. 11, 26-27) He did take a stool test which revealed two strains of salmonella, one which also was found in the hen houses and one found in food prepared in the kitchen. (<u>Id</u>., p. 28) He felt the symptoms of the illness for about 59

days, and the symptoms went away without medication. (Id., pp 29, 31) Plaintiff stated Boyd was

reckless and insubordinate in his job description, instructions, duties and area of responsibility and

failed to follow policies which resulted in the outbreak. (Id., pp. 13, 16) Plaintiff admitted that

Boyd was not deliberately indifferent, but recklessly and insubordinately indifferent. (Id., pp. 13,

17) In his response to Defendant's Motion, Plaintiff states that the fact that Boyd was the

supervisor of the farm when the outbreak occurred sufficiently proves that he acted recklessly and

with indifference to Plaintiff's health and safety.

   In order to support an Eighth Amendment claim against Defendant Boyd, Plaintiff must

show he was deliberately indifferent to a serious risk of harm and disregarded the risk by failing

to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 832 (1994).

"[D]efendants' conduct must objectively rise to the level of a constitutional violation by depriving

the plaintiff of the minimal civilized measure of life's necessities. The defendants' conduct must

also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the

prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (citations and internal quotation

marks omitted).

   In this case, Plaintiff admitted Boyd was not deliberately indifferent, and he has not

submitted any facts to support an allegation that Boyd recklessly committed any actions, or omitted

any actions, which caused Plaintiff's illness. Plaintiff relies solely on Boyd's supervisory authority

over the farm as evidence of his culpability.  However, supervisor liability is limited in § 1983

actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her

employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir.

1994).  A supervisor incurs liability only when personally involved in the constitutional violation

or when the corrective inaction constitutes deliberate indifference toward the violation. <u>Choate v.</u> <u>Lockhart</u>, 7 F.3d 1370, 1376 (8th Cir. 1993).

Upon close review of the evidence in support of the Motion for Summary Judgment, the Court finds no evidence that Defendant acted unreasonably under the circumstances.  No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 81) be GRANTED.

2.    Plaintiff's Cross Motion for Summary Judgment (Doc. No. 92) be DENIED.

3.    Plaintiff's allegations against Defendant Smarjesse be DISMISSED without prejudice, for failure to exhaust.

4.    Plaintiff's allegations against Defendant Boyd be DISMISSED with prejudice.

5.    All Doe Defendants be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 24th day of June, 2019.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE